UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TARAY L. DAVID,<br><br>Defendant. | CASE NO. CR17-04 RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) |

## I.  INTRODUCTION

This matter is before the Court on Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. #117. Defendant requests that the Court reduce his sentence due, at least in part, to the global COVID-19 pandemic and the risks it poses to Defendant because he suffers from asthma, Chronic Obstructive Pulmonary Disease, or emphysema. Plaintiff, the United States of America (the "Government"), opposes Defendant's Motion. Dkt. #122. While Defendant has requested oral argument, the Court finds oral argument unnecessary to rule on this Motion. LCrR 12(b)(12). Having considered the Motion, the Government's Response, Defendant's Reply, and the remainder of the record, the Court denies Defendant's Motion for Compassionate Release.

ORDER – 1

## II. BACKGROUND

Defendant Taray L. David was sentenced to 57 months after pleading guilty to one charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. #105. Noting that Defendant's "prior criminal history [was] underrepresented" by the calculated guideline range, the Court sentenced Defendant above the guideline range. Dkt. #110 at 56:7–8.[1] Defendant is currently housed at the SeaTac Federal Detention Center and has a projected release date of January 9, 2021. Defendant expects, however, that he will be released to home confinement on July 21, 2020. Dkt. #117 at 3.

Defendant's Motion for Compassionate Release is premised, in large part, on the increased risk of harm his medical condition places him in if he continues to be incarcerated during the ongoing COVID-19 pandemic. Over the past months, the public understanding of the COVID-19 virus and its corresponding risks to inmates and staff at Bureau of Prison ("BOP") facilities has continued to expand. The U.S. Centers for Disease Control and Prevention ("CDC") have advised that certain populations are at heightened risk of severe complications and/or death if they contract COVID-19. *See* CDC, *Coronavirus Disease 2019-COVID*, *People who are at higher risk for severe illness,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last reviewed May 15, 2020) ("CDC Guidelines").[2] This includes individuals over the age of 65, those in nursing homes or long-term care facilities, and those with "underlying medical conditions, particularly if not well controlled." *Id.* Particularly

---

[1] The guideline range was 33 to 41 months. Dkt. #110 at 56:6.

[2] Pursuant to Federal Rule of Evidence 201(c)(1), the Court takes judicial notice *sua sponte* of public records related to the COVID-19 health crisis, including documents available through government agency websites. *Gustavson v. Wrigley Sales Co.*, No. 12-CV-01861-LHK, 2014 WL 60197, at *3 (N.D. Cal. Jan. 7, 2014).

ORDER – 2

concerning are lung conditions, serious heart conditions, severe obesity, diabetes, liver disease, ongoing kidney dialysis, and conditions causing individuals to be immunocompromised.[3]  *Id.*

In response to public health officials' warnings about the spread of COVID-19 and the risk of severe complications in certain populations, the U.S. Attorney General has issued guidance to the Director of the BOP recommending a reduction in prison populations. Memorandum from the Attorney General to the Director of Bureau Prisons, (March 26, 2020) *available at* https://www.justice.gov/file/1262731/download.  The Attorney General advises that the reduction should be accomplished by transferring non-violent, vulnerable, and elderly inmates posing a minimal likelihood of recidivism to home confinement.  *Id.*

On April 6, 2020, Defendant submitted a Request for Administrative Remedy "requesting compassionate release due to COVID 19." Dkt. #117-1 at 1. Defendant explained that his medical history, including some history of respiratory disease, "makes [him] particularly vulnerable to the pandemic." *Id.*  Defendant's request was, however, denied on April 10, 2020. *Id.* at 2. Defendant then filed his Motion for Compassionate Release with this Court on May 6, 2020. Dkt. #117.

### III. DISCUSSION

**A. Legal Standard**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are governed by 18 U.S.C. § 3582(c). Previously district

---

[3] A broad range of conditions can cause individuals to be immunocompromised, "including cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications." CDC Guidelines.

ORDER – 3

courts could "reduce the term of imprisonment" only "upon motion of the Director of the Bureau of Prisons." However, amendments contained in the First Step Act of 2018, effective on December 21, 2018, further allowed district courts to act

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, . . .

18 U.S.C. § 3582(c)(1)(A). No matter how the issue comes before the Court, the Court must find that "extraordinary and compelling reasons warrant" a sentence reduction and that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*[4]

The Sentencing Commission's policy statements specify that a sentence should be reduced only where a district court concludes, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "[e]xtraordinary and compelling reasons warrant the reduction," and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." United States Sentencing Guidelines ("USSG") § 1B1.13. Providing further guidance, the Sentencing Commission provides several circumstances that may support a finding of "extraordinary and compelling reasons." In relevant part, the guidance provides:

(A) Medical Condition of the Defendant

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—

---

[4] A reduction may also be permitted because of the defendant's old age, provided "that the defendant is not a danger to the safety of any other person or the community" and that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Defendant does not seek relief on this basis.

ORDER – 4

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> . . . .
>
> (D) Other Reasons.  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivision (A) through (C).

USSG 1B1.13 cmt. n.1(A).[5]

**B. Extraordinary and Compelling Reasons[6]**

Defendant, who is 29 years old and seemingly in good health, focuses primarily on the heightened risk he faces from COVID-19.  Defendant represents that he faces a heightened risk from COVID-19 because of his African American race, and that this risk is further elevated because "he suffers from asthma, Chronic Obstructive Pulmonary Disease or emphysema."  Dkt. #117 at 3, 14–15; *see also* Dkt. #128 at 14.  But Defendant's medical support is limited.  *See* Dkt. #118 (Defendant submitting 13 pages of medical records).   Of the limited records submitted, Defendant relies on vague references in King County Jail Health Services Records—

---

[5] The application note also provides that a finding of "extraordinary and compelling reasons" may be premised on the age of the defendant or the family circumstances of the defendant. USSG 1B1.13 cmt. n.1(B)–(C).

[6] The Government does not argue that Defendant may not bring his Motion for Compassionate Release due to a failure to exhaust his administrative remedies.  Regardless, 30 days have now elapsed since Defendant submitted his administrative request to the warden and Defendant has accordingly satisfied the exhaustion requirements in 18 U.S.C. § 3582(c)(1).

ORDER – 5

documenting care received from 2009 to 2011—indicating that his medical history includes "Asthma, COPD or Emphysema." *See* Dkt. #118 at 19–24.

Conversely, the Government argues that Defendant's medical history is unremarkable and submits Defendant's full "medical records obtained from the" BOP. Dkt. #124 (Government submitting 201 pages of medical records). These records reveal only diagnosed mental health conditions for which Defendant continues to receive treatment, asthma that has been controlled without the use of an inhaler, and isolated conditions that have resolved. Dkt. #122 at 3.

Defendant bears the burden of establishing that extraordinary and compelling reasons exist that justify compassionate release. *Riley v. United States*, No. C19-1522 JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020). From the Government's review of the medical records, it concludes that there is "[n]o discussion of COPD or emphysema anywhere in [Defendant's] BOP medical records and no evidence of breathing difficulties." Dkt. #122 at 3. Indeed, Defendant does not point to any contrary evidence on reply and agrees that he has not "been hospitalized or required an inhaler in the recent past." Dkt. #128 at 14. On this record, Defendant does not establish whether his asthma continues to affect him, whether his asthma is moderate to severe, or whether his medical condition places him at a high-risk of severe illness from COVID-19. This is insufficient for the Court to conclude that COVID-19 poses Defendant a heightened risk of serious illness.

While the Court does not discount the dangers associated with COVID-19, the Court does not believe that the general risk of the pandemic—at least currently—represents an extraordinary and compelling circumstance which may allow for compassionate release in this case. *See Riley*, 2020 WL 1819838, at *7 ("[E]xtraordinary and compelling" circumstances are not satisfied by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists."). This is especially true where there are not yet any confirmed cases of COVID-19 within

ORDER – 6

the facility at which Defendant is held, the SeaTac Federal Detention Center. *See* Federal Bureau of Prisons, Covid-19 Cases, https://www.bop.gov/coronavirus (last visited May 18, 2020).[7]

Fully aware of this shortcoming, Defendant argues that the Court should further consider his "extensive rehabilitation over the course of serving almost the entire sentence imposed." Dkt. #117 at 13; *see also* Dkt. #128 at 14. Defendant contends that he has "served nearly all of the sentence imposed by the Court and in fact, 12 more months than the 33-month sentence recommended by the Probation Department at sentencing and more than the high end of the advisory guideline range." Dkt. #117 at 23. Defendant touts that during his incarceration, he has "had only one disciplinary incident—in November 2019—for 'disruptive conduct.'" *Id.* at 5 (citing Dkt. #117-1 at 3).[8] Further, Defendant has taken steps to address his mental health,[9] has taken advantage of educational opportunities, and remains committed to further pursuing lifestyle changes. Dkt. #128 at 20.

The Court does not find that these additional factors establish an extraordinary and compelling reason justifying a sentence reduction. As an initial matter, the parties dispute whether the Court may legally consider these additional factors and fully briefs the differing approaches taken by courts around the country. Dkt. #122 at 6–9 (Government arguing that Court, when considering whether extraordinary and compelling reasons exist, is bound to

---

[7] Defendant fairly questions whether the overall lack of testing may be more responsible for the lack of a confirmed case of COVID-19. Dkt. #128 at 15–16. But the argument remains overly speculative on this record. Likewise, the Government contends that BOP is taking sufficient actions and that they are reducing populations where possible. Dkt. #122 at 13–15.

[8] The Court does note that this incident was recent and that it resulted in Defendant being denied visits for six months and email for 120 days. *Id.* at 5 (citing Dkt. #117-1 at 3). The infraction also resulted in "the loss of 27 days' good time credit."

[9] Defendant did discontinue his psychological medication for a time in early 2019. Dkt. #117 at 6 (citing Dkt. #118 at 4).

ORDER – 7

consider (1) the medical condition of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; or (4) other reasons determined by the Director of the BOP); Dkt. #128 at 2–13 (Defendant arguing that Court's discretion is not limited by Sentencing Commission policy statements predating the First Step Act). The Court does not find it necessary to wade into the issue. Defendant spends too much time arguing that the Court has discretion and not enough time arguing why the Court should exercise that discretion. Even if the Court were to consider the Defendant's medical condition and the additional factors for which Defendant advocates, the Court would not find an extraordinary and compelling reason here. Accordingly, the Court does not address the broader legal issue and merely concludes that Defendant has not established an extraordinary and compelling reason justifying a reduction to Defendant's sentence.

### C. Danger to Others or the Community

The Court also finds that denial of Defendant's Motion for Compassionate Release is appropriate on the independent basis that Defendant has failed to show that he poses no danger to others or to the community. *See* USSG § 1B1.13(2). In making this determination, district courts look to the nature and circumstances of the defendant's underlying offense, the weight of evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger the defendant's release would pose to any person or the community. *See* 18 U.S.C. § 3142(g).

Here, Defendant's underlying conviction was for his unlawful possession of a firearm, and this was not Defendant's first firearm related offense. Defendant has had two juvenile felony firearm convictions and two additional adult convictions for unlawful possession of firearms. Dkt. #95 at ¶¶ 20–30. In sentencing Defendant, the Court noted that this "continued fascination with weapons" presented "a lot of extreme danger to the community." Dkt. #110 at 52:14, 53:5–

ORDER – 8

6. The Court cannot reasonably conclude that Defendant's persistent involvement with firearms poses no danger to others or the community.

The Court is certainly encouraged by the progress Defendant has made while incarcerated. Defendant is engaged with mental health treatment, is taking psychological medications, and represents that he has "benefited from that treatment and intends to continue that treatment with the support of the Probation Department." Dkt. #128 at 20. The progress is encouraging, but work remains. On this independent ground, the Court finds denial of release appropriate.

**D. Reduction Consistent with USSG Policy Statement**

Having found that that Defendant has failed to establish extraordinary and compelling reasons warranting compassionate release and has failed to establish that he does not pose a danger to others or to the community, the Court need not consider whether a sentence reduction would be consistent with the Sentencing Commission's policy statement. *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #117) is DENIED.

Dated this 18th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 9